UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ASHLEIGH DAVIS,**

    **Plaintiff,**

v.                                                                                    Case No: 5:12-cv-609-Oc-10PRL

**CITY OF LEESBURG, GARY S.
BORDERS, CHRISTOPHER ALANIZ,
KENNETH LANE, NICK ROMANELLI,
RYAN ABSTON, MICHAEL
GODIGKEIT, J. G. SOMMERSDORF,
THOMAS BROWN, SHAWN LUKENS
and RICHARD SYLVESTER**

    **Defendants.**

## ORDER

This matter is before the Court on Defendants' (Sheriff Gary S. Borders, as Sheriff of Lake County, Florida, Thomas Brown, Shawn Lukens, and Richard Sylvester) Motion to Strike Plaintiff's Expert Report Addendum, (Doc. 64), and Motion to Strike Portions of Alicia Hurst Winchenbach's Affidavit, (Doc. 67-3). (Doc. 74).

**I.  Background**

The Court previously set Plaintiff's Expert Disclosure Deadline as November 1, 2013, and the parties' Discovery Deadline as January 1, 2014. (Doc. 38). Plaintiff initially complied with this deadline, filing Charles W. Drago's expert report on October 30, 2013. (Doc. 30). Plaintiff subsequently filed two addenda to Mr. Drago's report: January 8, 2014, (Doc. 51), and January 29, 2014, (Doc. 64).[1]

---

[1] Defendants move to strike only the second addendum, (Doc. 64). (*See generally* Doc. 74).

On January 15, 2014, Defendants filed Motions for Summary Judgment. (Docs. 55-58). Plaintiff responded to these motions on February 7, 2014, and she included in her response the Affidavit of Alicia Hurst Winchenbach. (Docs. 67 & 67-3).

## II.     Motion to Strike Plaintiff's Expert Report Addendum 2

In their Motion to Strike Plaintiff's Expert Witness Report Addendum 2 ("Addendum 2"), Defendants argue that Plaintiff failed to provide a good faith excusable reason for Plaintiff's late filing. (Doc. 74). Defendants contend that they are prejudiced by Plaintiff's untimely filing because in Addendum 2, Mr. Drago provides new opinions and theories regarding a critical issue in the case and these new opinions and theories were not addressed in his original Expert Report. Although Plaintiff received some information after her Expert Disclosure Deadline, Defendants argue that she had "ample opportunity" to obtain the information necessary for Mr. Drago to prepare his Expert Report. Additionally, Defendants argue that Mr. Drago's attempt to reserve the right to supplement his report violates the Federal Rules of Civil Procedure and this Court's orders. Therefore, Defendant argues that Mr. Drago's testimony should be limited to the opinions contained in the original Expert Report, and any new opinions adopted in Addendum 2 should be stricken. Alternatively, Defendants contend that if the opinions in Addendum 2 are not stricken, then Defendants should be permitted to submit supplemental reports in rebuttal.

Plaintiff responds by arguing that she filed Addendum 2 at the earliest time possible, as she continued to receive discovery until January 14, 2014. (Doc. 81). Additionally, Plaintiff notes that the expert report stated that it was subject to amendment based on continuing discovery, and she argues that because the expert disclosure deadline preceded the discovery deadline, "[i]t is only fair" that she be permitted to update the expert report based on discovery received after the expert disclosure deadline.

An Expert Report must include "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B). Furthermore, if a party determines that the Expert Report is incomplete or inaccurate, the party must supplement the Export Report before the pretrial disclosure deadline. Fed. R. Civ. P. 26(a)(2)(E). Unless otherwise ordered by the court, the pretrial disclosure deadline is 30 days before trial. Fed. R. Civ. P. 26(a)(3)(B). If Addendum 2 is considered to be a supplemental report, it was timely filed before the pretrial disclosure deadline.

After careful review, the Court finds that Addendum 2 is more akin to a new expert report because Mr. Drago offers an entirely new opinion on an issue that he did not address in his initial report or first addendum – i.e., Sheriff Gary S. Borders, through the Lake County Sheriff's Office, approved and condoned unofficial customs, policies and or practices which resulted in the misconduct of its deputies. *Compare* Docs. 30 & 51, *with* Doc. 64; s*ee Alphamed Pharm. Corp. v. Arriva Pharm., Inc.*, No. 03-20078-CIV, 2005 WL 5960935, at *8 (S.D. Fla. Aug. 24, 2005) (finding that a report that "present[ed] a brand new theory of damages not disclosed in the initial report" was not a supplemental report). A party may not rely on Rule 26(e)'s supplementation requirement in an attempt "to bolster or submit additional expert opinions." *Whetstone Candy Co. v. Nestle USA, Inc.*, No. 3:01-cv-415, 2003 WL 25686830, at *1 n.1 (M.D. Fla. June 2, 2003) (*quoting Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002)). Because the Court construes Addendum 2 as a new report, Plaintiff's January 2014 disclosure was untimely.

Nonetheless, the Court declines to strike Addendum 2. Pursuant to Fed. R. Civ. P. 37(c)(1), sanctions are not warranted if the failure to provide the information in a timely manner was substantially justified or harmless. In determining whether to impose sanctions, the court may consider the prejudice to the opposing party, the ability to cure the prejudice, the likelihood that

the trial will be disrupted, and whether the failure to disclose was a result of bad faith or willfulness. *See Brincku v. National Gypsum Co.*, No. 2:11-cv-338-FTM-29DNF, 2012 WL 1712620, at *1 (M.D. Fla. May 15, 2012).

Here, the parties have engaged in a contentious discovery process, resulting in Plaintiff filing two motions to compel discovery. (*See* Docs. 37 & 47). Based on the allegations in those motions; in Defendants' response to the second motion to compel, (*see* Doc. 52); in Defendants' Motion for Reconsideration of the Court's Order denying the second motion to compel, (*see* Doc. 77); in Defendants' instant Motion to Strike, (Doc. 74); and in Plaintiff's response to the motion to strike, (*see* Doc. 81), it appears that Defendant provided some, if not all, of the information on which Mr. Drago based Addendum 2 after Plaintiff's November 1, 2013, expert disclosure deadline and after the January 1, 2014, discovery deadline. (*See, e.g.*, Doc. 55-5 (affidavit of John Herrell, signed on January 15, 2014)). In light of Defendants' apparent delayed discovery responses, it does not appear that Plaintiff's failure to disclose Addendum 2 at an earlier date was caused by bad faith or willfulness. Moreover, because the trial is currently set to begin no earlier than November 3, 2014, there will not be any incurable prejudice to Defendant or disruption of the trial if Plaintiff is allowed to rely on the opinions set forth in Addendum 2 at trial. *See In re Denture Cream Products Liability Litigation*, No. 09-2051-MD, 2012 WL 3639045, at *4 n.3 (S.D. Fla. Aug. 23, 2012). Accordingly, the Court finds that Plaintiff's failure to disclose Addendum 2 prior to the expert disclosure deadline was substantially justified, and thus, declines to strike it. However, the Court will grant Defendants' request for additional time to rebut Addendum 2.

### III.     Motion to Strike Portions of Alicia Hurst Winchenbach's Affidavit

In Defendants' Motion to Strike portions of Alicia Hurst Winchenbach's Affidavit, Defendants argue that certain statements in Ms. Winchenbach's Affidavit are a sham because they contradict Ms. Winchenbach's prior deposition testimony. (Doc. 74). Defendants further argue that Plaintiff only submitted this contradictory Affidavit in efforts to create a material issue of fact to survive summary judgment. Plaintiff responds by arguing that there is no contradiction between Ms. Winchenbach's prior deposition testimony and Ms. Winchenbach's more recent affidavit and that Ms. Winchenbach was confused during the deposition and did not give clear and unambiguous answers to Defendants. (Doc. 81).

Under the sham affidavit rule, "[a]n affidavit may only be disregarded as a sham when a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact . . . [and that party attempts] thereafter [to] create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." *Tippens v. Celotex Corp.,* 805 F.2d 949, 954 (11th Cir.1986) (internal quotation marks omitted). However, whether Ms. Winchenbach's affidavit constitutes a sham affidavit is an issue more appropriately resolved in conjunction with the pending motions for summary judgment. *Cf. id.*, 805 F.2d at 953-55 (considering the application of the sham affidavit rule in the context of an appeal from a grant of summary judgment). Accordingly, the Court declines to strike portions of Ms, Winchenbach's Affidavit at this time.

### IV.     Conclusion

Accordingly, and upon due consideration, Defendants' Motion to Strike Plaintiff's Expert Report Addendum 2 is **DENIED**; Defendants may, however, serve supplemental expert reports in

- 6 -

rebuttal to Addendum 2 on or before **May 2, 2014**.  Defendants' Motion to Strike Portions of Alicia Hurst Winchenbach's Affidavit (Doc. 74) is also **DENIED** as set forth herein.

**DONE** and **ORDERED** in Ocala, Florida on April 3, 2014.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties